## Shupp v. Shupp

*James C. Lanshe,* for plaintiff.

SCHEIRER, J., April 17, 1967.—The master in this uncontested divorce action recommends that a decree be entered. One of his findings of fact is: "There is no agreement between the parties for the procuring of this divorce". There is no basis for this finding in the evidence. Not a single question was asked with respect to agreement or collusion between the parties, nor is there any basis for the court to make a finding.

This case will be returned to the master so that another hearing may be held, after proper notice to defendant, for the taking of such testimony as may appertain to the question of collusion.

The omission in this case is another in a long series. We said in Kropp v. Kropp, April term, 1965, no. 13:

"In view of the innumerable opinions written on this subject by the judges in this jurisdiction, without apparent effect, we are fast coming to the belief that this failure is an occupational disease of masters. It is still the law of the Commonwealth that the presence of collusion between the parties to a divorce action will prevent a decree".

President Judge Koch wrote in Morey v. Morey, January term, 1965, no. 257:

"We take this occasion to emphasize again that the Commonwealth is an interested third party in any divorce case, and where a master undertakes the obligation to serve in this 'quasi judicial capacity' he is under a duty to investigate all facts of a fundamental and material nature. Kolopen v. Kolopen, 148 Pa. Superior Ct. 311; Cortese v. Cortese, 163 Pa. Superior Ct. 553".

Our colleague, Judge Wieand, in Alicea v. Alicea, January term, 1965, no. 231, added to Judge Koch's comment: "It would seem to be elementary indeed that collusion or the absence thereof, as the case may be, is a fact of a fundamental and material nature".

ORDER

And now, April 17, 1967, the within action in divorce is returned to the master and examiner for the purpose of taking additional testimony in accordance with the foregoing opinion.